UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES GRECO,

                            Plaintiff(s),                  **ORDER**
                                                                                               **CV07-2032 (JFB)(WDW)**

      -against-

COUNTY OF NASSAU, et al.,

                            Defendant(s).
----------------------------------------------------------------X
**WALL, Magistrate Judge:**

     Before the court is the plaintiff's motion (DE[14]) for reconsideration of my order of June 18, 2008, which denied the plaintiff's motion to amend the complaint (DE[14]). For the reasons set forth herein, the motion is denied.

     Familiarity with the order of June 18 is assumed. Briefly stated, it denied the motion to amend because that motion was made after the deadline for such motions, thus triggering the good cause standard, and the plaintiff failed to show good cause for the delay. In his motion for reconsideration, the plaintiff argues that, at the conference on 5/27/08, I ordered that any motion to amend must be made by 6/2/08, thus extending the previous deadline of 4/14/08 and implicitly eliminating the requirement that the plaintiff show good cause for not filing within that deadline. That, however, was not the intention of the imposition of the 6/2 deadline. At the 5/27 conference, the filing deadline had already passed, thus triggering the good cause standard, and the new date of 6/2 was set in order to move this moribund case forward. Further, the court recalls no discussion of the good cause issue at the conference.

     In the motion for reconsideration, the plaintiff also argues that there was good cause for the delay in moving, because the proposed amendments to the complaint occurred after the complaint was filed, and involve allegedly retaliatory acts by the defendants. DE[14] at 2 (citing

*Lincoln v. Potter,* 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006)). While the court agrees that retaliatory behavior occurring after a complaint has been filed, and after the deadline for moving to amend, could certainly constitute good cause for the late filing of a motion to amend, that is not the case here. As noted earlier, the original deadline for motions to amend was 4/14/08. The latest retaliatory event in the proposed amended complaint is the plaintiff's firing on 1/11/08, followed by allegations of undated events. *See* Proposed Amended Complaint, DE[11-2][1], ¶¶65-67. The latest dated event in the proposed complaint refers to March 2008. *Id.* at ¶69. Thus, there are no allegations in the proposed amendment that occurred after the original deadline that would account for the filing of the motion to amend after that deadline, and no basis for finding that the plaintiff acted diligently so as to allow for a finding of good cause. *See Lincoln,* 418 F. Supp. 2d at 454.

For these reasons, the motion is denied. The court adheres to its earlier order.

Dated: Central Islip, New York  **SO ORDERED:**
       July 11, 2008

                                                /s/ William D. Wall
                                                WILLIAM D. WALL
                                                United States Magistrate Judge

---

[1] Although the plaintiff states, in his motion for reconsideration, the he has annexed a copy of the Proposed Amended Complaint as Exhibit C to that motion, he did not do so. The Proposed Amended Complaint was, however, annexed to the earlier motion to amend.